

# The Attorney General of Texas

March 9, 1981

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas 77002

Opinion No. MW-299

Re: Authority of a county to take
a bid which provides for escalation
in costs

Dear Mr. Driscoll:

The Commissioners Court of Harris County is required by law to award certain contracts after taking competitive bids. See, e.g., V.T.C.S. arts. 1658, 1659, 1659a, 2358-61, 2368a. Contracts must generally be awarded to the lowest and best bidder. You advise that instead of stating a lump sum bid in the bid form furnished by the county, some bidders insert an amount but also include an escalation clause which provides for price increases based upon increases in their costs. We understand that the bid form which Harris County uses does not invite the use of escalation clauses. You have asked the following questions:

1. Is Harris County authorized to accept a bid which the bidder has qualified to provide for escalation in costs during the period of the contract, if the total bid can be calculated?

2. Is Harris County authorized to accept a bid which the bidder has qualified to provide for escalation in costs during the period of the contract, if the total bid can not be calculated?

3. Is Harris County authorized to accept an alternate bid not based on the specifications?

In Texas Highway Commission v. Texas Association of Steel Importers, Inc., 372 S.W. 2d 525, 527 (Tex. 1963), the Texas Supreme Court, quoting from Sterrett v. Bell, 240 S.W. 2d 516, 520 (Tex. Civ. App. - Dallas 1951, no writ), observed that competitive bidding requires:

due advertisement, giving opportunity to bid, and contemplates a bidding on the same undertaking upon each of the same material items covered by the contract; upon the same thing. It requires that all

> bidders be placed upon the same plane of equality and that they each bid upon the same terms and conditions involved in all the items and parts of the contract, and that the proposal specify as to all bids the same, or substantially similar specifications. Its purpose is to stimulate competition, prevent favoritism and secure the best work and materials at the lowest practicable price. ... There can be no competitive bidding in a legal sense where the terms of the letting of the contract prevent or restrict competition, favor a contractor or materialman, or increase the cost of the work or of the materials or other items going into the project.

See also Attorney General Opinion H-24 (1973).

In light of the views expressed in the foregoing quotation, we think it is readily apparent that the commissioners court may not accept a bid which is not based upon advertised specifications. To do so would be to violate a fundamental tenet of the competitive bidding process, which is that bidders must have an opportunity to bid on equal terms and to have their bids judged according to the same standards. Further, the requirement that bids be evaluated in accordance with the same criteria must be observed if the commissioners court is to fulfill its statutory mandate to award contracts to the lowest and best bidder. This requirement cannot be satisfied when a bid is qualified in a manner not contemplated by the bid invitation and specifications, i.e., when it is not based upon the criteria by which all bidders are given to understand their bids will be judged.

We therefore conclude that Harris County may not accept a bid which contains an escalation clause when such clauses are not mentioned in the advertised specifications. We do not address the question of whether the invited use of any particular escalation clause would be permissible. Accordingly, based upon the facts you have submitted, we answer your questions in the negative.

### SUMMARY

The Commissioners Court of Harris County is not authorized to accept a bid which is not based upon advertised specifications. Because the bid form which Harris County uses does not mention escalation clauses, the commissioners court may not accept a bid which contains an escalation clause, regardless of whether the total bid can be calculated.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
James Allison
Jon Bible
Rick Gilpin
Bruce Youngblood